# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK ANDERSON,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE and FARM SERVICE AGENCY and its employees, servants, and agents acting on its behalf,<br><br>        Defendants. | Case No. 3:17-cv-531-JPG-RJD |

## **MEMORANDUM & ORDER**

This matter comes before the Court on the Government's Motion to Dismiss. (Doc. 6.) The Government argues that the Court should dismiss all of Plaintiff's claims (1) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, stemming from the Government's alleged sovereign immunity to Plaintiff's claims, and (2) pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Court must first decide the jurisdictional 12(b)(1) issue before it can reach the 12(b)(6) issue on the merits. *Bell v. Hood*, 327 U.S. 678, 682 (1946). The Court requests additional briefing on the 12(b)(1) sovereign immunity issue in light of the Seventh Circuit's opinion in *Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008):

> The district court's justification for raising this subject on its own is that every court must ensure the presence of subject-matter jurisdiction, whether or not the parties agree that the case is properly in federal court. That's true enough, but we have held that sovereign immunity does not diminish a court's subject-matter jurisdiction. *See United States v. Cook County*, 167 F.3d 381 (7th Cir.1999). The ability of governments to waive the benefit of sovereign immunity demonstrates that the doctrine is non-jurisdictional, see *Lapides v. University of Georgia*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002), for real jurisdictional

limits can't be waived. Sovereign immunity concerns the remedy rather than adjudicatory competence.

The specific question before the parties in this supplemental briefing is whether sovereign immunity is a bar to subject-matter jurisdiction—and therefore appropriate for dismissal under Federal Rule of Civil Procedure 12(b)(1)—or whether sovereign immunity concerns the remedy and is therefore not within the purview of 12(b)(1). The parties shall have 30 days to submit their supplemental briefings to the Court.

**IT IS SO ORDERED.**
**DATED: September 21, 2017**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**