# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK ANDERSON,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE and FARM SERVICE AGENCY and its employees, servants, and agents acting on its behalf,<br><br>        Defendants. | Case No. 3:17-cv-531-JPG-RJD |

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on the Government's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 6.) The plaintiff has filed an untimely response to the motion. (Doc. 14.) The Court, however, will consider the section of his brief that responds to the Court's prior order for supplemental briefing on the issue of sovereign immunity. (Doc. 12.)

## I.  BACKGROUND

Mark Anderson is a cattle farmer in southern Illinois. In 2009, his cattle became sick with a pink-eye-like virus. Anderson claims that his neighbor, Ronald Shepard, was responsible for the viral contamination because Shepard—who was then on supervised release following a wire fraud conviction involving cattle transactions—was "dealing cattle without health certificates". (Compl. ¶ 10.) So in 2010 and 2011, Anderson contacted the Illinois Department of Agriculture several times to report Shepard. The Department investigated Anderson's claims, but found that Shepard's cattle were healthy and receiving proper care. At some point during this series of events, some of Anderson's cattle died from illness. Thereafter, in 2011, Anderson became

1

delinquent on a loan he had taken out from the Farm Services Agency (FSA)—and he attributes his delinquency in-part from expenses he incurred when disposing of the dead cattle.

In January 2012, Anderson filed a civil rights complaint with the U.S. Department of Agriculture (USDA) about his concerns. Anderson now alleges that the USDA, however, "never reviewed the evidence, did not contact plaintiff to substantiate the claims, and closed the file without investigation". (Compl. ¶ 11.) Anderson also requested emergency financial assistance from the USDA and the Farm Services Agency (FSA) to help with costs from disposal of the dead cattle, but the USDA denied his request on the grounds that dead cattle disposal is the owner's responsibility "unless it is part of a State-Federal Cooperative Agreement or an emergency situation". (Compl. ¶ 27.) It is of note, however, that the USDA did bring an administrative complaint against Shepard in 2012. That action culminated in a 2013 $582,000 civil penalty that also prohibited Shepard from dealing in livestock for ten years. *In re Ronald Ryan Shepard, Jr.*, P. & S. No. D–12–0357, 2013 WL 8208352 (U.S.D.A. Jan 29, 2013).

Anderson has now filed a complaint in this Court alleging three counts against the USDA. Count I is a 42 U.S.C. § 1983 claim that states the "USDA violated plaintiff's civil rights" by failing to act upon or prevent the allegations centered on Shepard, leading to the death of Anderson's cattle. (Compl. ¶ 21.) Anderson alleges in Count III (there is no numbered Count II in the complaint) that the FSA improperly denied him access to his requested emergency financial assistance, which—combined with his expenses from disposing the dead cattle—led Anderson to default on a separate FSA loan that was past due. Anderson asserts in Count IV that he is entitled to damages through a qui tam action as a "whistleblower under the False Claims Act" and claims that he should be awarded 10% to 30% of the $582,000 penalty that the USDA previously assessed against Shepard. (Compl. ¶ 44.)

The Government has moved to dismiss all three counts. (Doc. 6.) First, the Government argues that the Court should dismiss the complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because sovereign immunity bars all three of Anderson's claims. Second, the Government asserts that the Court should dismiss Count IV pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because even if the United States has waived its sovereign immunity, Anderson does not meet the legal requirements for a whistleblower nor can he establish a valid *qui tam* action.

## II. LEGAL STANDARDS

### i. Federal Rule of Civil Procedure 12(b)(1) and Sovereign Immunity

Challenges to the Court's subject-matter jurisdiction are considered under Federal Rule of Civil Procedure 12(b)(1). A plaintiff may make a facial challenge to the sufficiency of the complaint's jurisdictional allegations as a matter of law, in which case—as with a Rule 12(b)(6) motion—all well-pleaded factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003).

Rule 12(b)(1) is the proper vehicle when adjudicating issues of sovereign immunity. As a matter of law, the United States commands sovereign immunity from suit: it may not be sued without its consent, and "the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Sovereign immunity is jurisdictional in nature" and is accordingly a threshold question in every suit against the United States. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). It is the plaintiff's responsibility to identify both the federal statute that waives sovereign immunity as well as the statute that confers subject-matter jurisdiction over his claims; if the plaintiff fails to do so, the Court must dismiss the complaint. *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002). Given the importance of sovereignty to the proper functioning of a

government, Courts must strictly interpret the alleged waiver or consent. *United States v. Sherwood*, 312 U.S. 584, 590 (1941).

      *ii.*      *Federal Rule of Civil Procedure 12(b)(6)*

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III.    ANALYSIS

Here, Anderson is not entitled to relief under any of the theories in his complaint. First, in Count I, Anderson is attempting to sue the USDA—a federal agency—via § 1983. Section 1983, however, is not a waiver of the sovereign immunity of the United States. Rather, § 1983 authorizes suits against "persons" acting "under color of state law" to deprive the "rights, privileges, or immunities" of another. 42 U.S.C. § 1983; *Will v. Michigan Dep't of State Police*,

491 U.S. 58, 83 (1989). The USDA is not a person acting under color of state law. The USDA is a federal executive agency tasked with carrying out federal law. Accordingly, Count I fails.

Counts III and IV also fail. In Count III, Anderson has not identified any federal statute that waives sovereign immunity in respect to the FSA's denial of Anderson's request for emergency assistance. In Count IV, Anderson has not identified any federal statute that waives sovereign immunity or provides him with a cause of action in respect to his position that he is entitled to damages for alerting the USDA and the FSA about Shepard. "The Whistleblower Act" does not apply here because the Whistleblower Protection Act of 1989 and its 2012 amendment only provide protection to federal employees that make disclosures about the federal government. 5 U.S.C. § 2302(b)(8). Anderson is not a federal employee. Moreover, the False Claims Act does not apply—and thus Anderson's *qui tam* theory fails—because that act permits private individuals to "file civil actions known as qui tam actions on behalf of the United States to recover money that the government paid as a result of conduct forbidden under the Act." *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 777 (7th Cir. 2016). Here, Anderson is not filing a civil action on behalf of the United States to recover money that the Government was illegally induced into paying.

There is one final issue. The Court is aware of the Seventh Circuit's opinion in *Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008), which states that "[t]he ability of governments to waive the benefit of sovereign immunity demonstrates that the doctrine is non-jurisdictional", and "[s]overeign immunity concerns the remedy rather than adjudicatory competence". However, given the Supreme Court's instruction in *Mitchell*, 463 U.S. at 212, and *Meyer*, 510 U.S. at 475—as well as the Seventh Circuit's directive in *Macklin,* 300 F.3d at 319—the Court does not believe that *Blagojevich* is applicable to the facts of this case.

5

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Government's motion to dismiss. Anderson's complaint is **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**
**DATED: OCTOBER 24, 2017**

>
> **s/ *J. Phil Gilbert***
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**